NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3225

PAUL D. MCGARR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 7, 2005

_____

Before CLEVENGER, SCHALL and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Paul D. McGarr seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his case.  <u>McGarr v. Dep't of Defense</u>, No. DC0752020731-C-1 (June 2, 2005).  We <u>affirm</u>.

I

In 2002, Mr. McGarr appealed to the Board, asserting that his resignation from employment with the Department of Defense ("agency") was involuntary and therefore constituted a constructive removal.  The administrative judge ("AJ") assigned to the case dismissed the appeal for lack of jurisdiction.  Mr. McGarr petitioned the full Board for review of the AJ's decision.  While the petition was pending, the parties settled their differences and entered into a settlement agreement effective August 1, 2003.

Among other things, the settlement agreement stated that the agency would remove certain references from Mr. McGarr's personnel file. The agreement also expressly provided that Mr. McGarr's appeal would be dismissed with prejudice and that, because there was some question as to the Board's jurisdiction over Mr. McGarr's original appeal, the appeal "shall be dismissed as settled, and the Board will not enter or accept the settlement agreement into the record for purposes of enforcement."

Before dismissing an appeal as settled, the Board must satisfy itself that the parties have entered into an agreement and understand its terms. Mahoney v. U.S. Postal Serv., 37 M.S.P.R. 146, 149 (1988). On August 21, 2003, the full Board issued its order dismissing the appeal as settled. In its opinion, the full Board noted that the settlement agreement called for dismissal of the petition for review with prejudice to refiling and that the parties agreed that the settlement agreement would not be entered into the record for purposes of enforcement of its terms. Further, the full Board stated that the parties understood the terms of the agreement and accepted the strictures of the settlement. Mr. McGarr was represented by counsel at the time of the negotiations and signing of the settlement agreement that by its very terms would be unenforceable by the Board and was also represented by counsel at the time of the proceedings before the full Board that led to dismissal with prejudice.

The settlement agreement is unusual in that it provided for dismissal of Mr. McGarr's case with prejudice, but on its face failed to provide for a mechanism to enforce the terms of the settlement, such as the requirement to purge Mr. McGarr's personnel files of certain information.

## II

On June 30, 2004, Mr. McGarr filed a petition for enforcement with the Board, asserting that the agency had not met its obligation under the settlement agreement to purge his personnel file. The AJ assigned to the petition issued an acknowledgement order, noting that the settlement agreement had never been made of record for purposes of enforcement. Since a settlement agreement will not be enforced by the Board unless it is filed with and accepted into the record by the Board, Richardson v. Envtl. Prot. Agency, 5 M.S.P.R. 248, 250 (1981), the AJ ordered Mr. McGarr to show cause why his petition should not be dismissed for want of an enforceable settlement agreement. In response, Mr. McGarr appealed to the Board's sense of justice, notwithstanding any jurisdictional considerations. The AJ repeated the black letter law that the Board will only enforce settlement agreements entered into the record for settlement purposes and therefore dismissed Mr. McGarr's petition for enforcement. Mr. McGarr's petition for review by the full Board failed, and he timely sought review in this court.

## III

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

Mr. McGarr, assisted by counsel, entered into an agreement that called for dismissal of his appeal with prejudice while expressly providing that the agreement would not be entered into the record for purposes of enforcing the substantive terms of

the agreement. We are not informed of the reason why Mr. McGarr would accept such a settlement agreement.

Because the terms of the settlement agreement that Mr. McGarr asserts are unsatisfied by the agency were never entered in the record for enforcement purposes, the Board's determination that it lacks jurisdiction to enforce the settlement agreement is correct. We therefore affirm the final decision of the Board.